**SIGNED THIS: January 25, 2006**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GILBERT L. DEALEY, JR. and | ) | |
| COLLEEN J. DEALEY, | ) | No. 05-80573 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| PATRICIA THREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 05-8125 |
| | ) | |
| GILBERT L. DEALEY, JR. and | ) | |
| COLLEEN J. DEALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**O P I N I O N**

The issue before the Court is whether the doctrine of collateral estoppel should be applied with respect to a state court judgment entered by default.

Early on in the Chapter 7 bankruptcy case filed by Gilbert L. and Colleen J. Dealey (DEBTORS), a creditor, Patricia Threet (THREET), sought stay relief to continue a state court lawsuit against them that had been commenced in the Tazewell County Circuit Court. The suit, involving the DEBTORS' failure to complete a construction project for THREET, alleged counts for fraudulent misrepresentation, fraudulent concealment, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

In addition to seeking stay relief, THREET commenced a timely adversary proceeding against the DEBTORS for nondischargeability under Section 523(a)(2)(A), alleging that the claim for recovery of THREET'S payments in the aggregate amount of $15,750 to the DEBTORS constitutes a debt for money obtained by false pretenses, a false representation or actual fraud. After notice and a hearing, this Court modified the automatic stay to permit THREET to proceed in state court with the idea that a state court judgment in favor of THREET may have some issue preclusive effect in the adversary proceeding.

THREET did, in fact, obtain a judgment against the DEBTORS entered in the Tazewell Count Circuit Court on November 8, 2005, in the amount of $43,544.26, which she argues is grounds for entry of summary judgment in this adversary proceeding. The judgment, however, was obtained by default based on the DEBTORS' failure to appear or plead. On November 8, 2005, the circuit court conducted a prove-up hearing at which THREET testified, but in which neither the DEBTORS nor their co-defendants, PM Construction & Crafts and Frank Genusa, participated, following which the judgment was

entered. The judgment order, entered against the DEBTORS but not their co-defendants, specifically found the DEBTORS to be in default.

The effect of a judgment in subsequent litigation is determined by the law of the jurisdiction that rendered the judgment so that a federal court must accord a state court judgment the same preclusive effect it would be accorded by the rendering state. 28 U.S.C. § 1738; *In re Catt,* 368 F.3d 789, 790-91 (7th Cir. 2004); *Brokaw v. Weaver,* 305 F.3d 660, 669 (7th Cir. 2002). The preclusive effect of the judgment rendered by the Tazewell County Circuit Court is determined under Illinois law.

The doctrine of collateral estoppel bars the relitigation of a particular issue decided in another action between the same parties on a different cause of action to the extent that the issue was actually litigated.[1] *Housing Authority for La Salle County v. Young Men's Christian Ass'n of Ottawa*, 101 Ill.2d 246, 252, 461 N.E.2d 959, 962 (1984). That default judgments should not be given collateral estoppel (issue preclusion) effect, because the issues were not actually litigated, has been recognized as both the most sensible rule and the rule followed by a majority of jurisdictions. *Catt, supra. See, also,* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) (where a judgment is entered by confession, consent or default, none of the issues is actually litigated).

Nevertheless, it has recently been recognized that the Illinois Supreme Court has not decided the issue. *In re Nikitas,* 326 B.R. 127, 131 (Bankr.N.D.Ill. 2005). After surveying the

---

[1] The doctrine of *res judicata,* or claim preclusion, is not applicable. Bankruptcy courts have exclusive jurisdiction to determine the dischargeability of claims arising under Section 523(a)(2). *Whitehouse v. LaRoche,* 277 F.3d 568, 578 (1st Cir. 2002). Under Illinois law, the doctrine of *res judicata* does not bar a claim if a court would not have had subject matter jurisdiction to decide that claim in the first suit involving the same cause of action. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 317, 703 N.E.2d 883, 896 (1998).

Illinois Appellate Court decisions, the *Nikitas* court concluded that the only appellate decision squarely on point was *S & S Automotive v. Checker Taxi Co.,* 166 Ill.App.3d 6, 520 N.E.2d 929 (Ill.App. 1 Dist. 1988), holding that a default judgment has no collateral estoppel effect since the issues are not actually litigated. *Nikitas* points out that the handful of other Illinois Appellate Court decisions that discuss the issue do so only in *dicta*. 326 B.R. at 131-32.

It should also be recognized that a judicial disposition of a case may be denominated a "default" judgment where the defendant fails to appear for trial after having appeared and participated in earlier stages of the litigation. Depending upon the extent of the defendant's participation, the doctrine of collateral estoppel may be applied because courts believe that a defendant should not be permitted to end-run the finality of the judgment simply by not showing up for trial. *See, In re Bursack,* 65 F.3d 51 (6th Cir. 1995); *In re Day,* 137 B.R. 335 (Bankr.W.D.Mo. 1992). Because the extent of a defendant's participation before "defaulting" varies, the collateral estoppel effect of a judgment that is entered after the defendant has appeared and participated to some extent, must be analyzed on a case-by-case basis upon review of the full record of the prior proceeding. *In re Wright,* 187 B.R. 826 (Bankr.D.Conn. 1995).

The case at bar, however, concerns a true or pure default. The DEBTORS did not answer the complaint and did not participate in any hearing, in discovery, or at any other stage of the proceeding. THREET bases her position on several aspects of the Tazewell County case. First, she points out that her complaint was verified, so that its uncontested

4

allegations are deemed to be true. Second, the court heard evidence at the prove-up hearing, even if only from her side. Third, the court made specific notations on the judgment order, as follows: "$38,700 as to wall; 2,000 as to driveway Ct VIII; 2,844.26 Atty fees." THREET argues that sufficient evidence of fraud is contained in the state court record and that the specific findings of the court reflect a determination that fraud occurred.

This Court rejects THREET'S argument. As pointed out by the Seventh Circuit, no matter how much one-sided litigation occurs, the fact remains it is still one-sided and lacks the "adversary dimension" necessary to elevate it beyond the default realm. *Catt,* 368 F.3d at 792. Likewise, the fact that the court determines specific damages based on verified pleadings and an evidentiary hearing does not remedy the lack of actual, contested litigation. *Catt,* 368 F.3d at 793.

Based on the submissions filed by THREET, it is undisputed that the judgment entered against the DEBTORS in the Tazewell County suit was by default in the purest sense, without any participation or opposition by the DEBTORS whatsoever. In a case in federal court in which state law provides the rule of decision, and where the state's highest court has not yet spoken, the federal court must predict how that court will decide the issue, and decide it the same way. *AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468 (7th Cir. 2001). This Court is of the view that if and when the Illinois Supreme Court has occasion to address the issue, it will hold that in cases such as this, of pure default, a default judgment is not to be accorded collateral estoppel effect. This would reflect the majority and, in this Court's opinion, better view, as outlined in *Catt* and *Nikitas.*

5

In anticipation of further proceedings in this matter, one other issue merits comment. The complaint alleges, and DEBTORS admit, that THREET paid five checks totaling $15,750 on the contract. The complaint further alleges in paragraph 20 that THREET suffered damages in that amount. These damages fall squarely within the scope of Section 523(a)(2) as a debt for money obtained by the alleged fraud.

THREET muddies the waters, however, in her prayer for relief by making the broader request for nondischargeability of "any debts from PM Construction & Crafts" and "any debts incurred while Defendant held themselves (sic) out to be partners in PM Construction & Crafts." This thread continues in the subsequent written pleadings filed by THREET wherein she requests that the state court judgment for $43,544.26 be determined nondischargeable which, by its amount, could not have been limited to the contract payments made by THREET.

Instead, it appears that the state court awarded damages, at least in part, for repairs or replacement work done to THREET'S real estate, specifically her driveway and a wall. Because the judgment is given no preclusive effect in this adversary proceeding, it is not necessary to inquire into the exact nature of the damages awarded in state court. It is incumbent upon THREET, however, to clarify in subsequent proceedings in this Court, the amount of the debt sought to be determined nondischargeable, and, ultimately, to prove that the debt falls within the scope of Section 523(a)(2)(A) as a debt for money, property or services obtained by false pretenses, a false representation, or actual fraud.

Accordingly, this Court holds that the default judgment entered against the DEBTORS in Tazewell County Case No. 05-LM-203 is given no issue preclusive effect in this adversary proceeding, which will now proceed toward trial.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###